IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

BILLINGS DIVISION

FILED

FEB 21 2012

PATRICK E. DUFFY  CLERK
BY_____
Deputy Clerk
U.S. DISTRICT COURT
BILLINGS DIVISION

| | |
|---|---|
| DANNY RAY KELLY, | ) |
| | ) Cause No. CV-11-72-BLG-RFC |
| Petitioner, | ) |
| | ) |
| v. | ) ORDER ADOPTING FINDINGS |
| | ) AND RECOMMENDATIONS OF |
| WARDEN MIKE MAHONEY; | ) U.S. MAGISTRATE JUDGE |
| ATTORNEY GENERAL OF | ) |
| THE STATE OF MONTANA, | ) |
| | ) |
| Respondents. | ) |

United States Magistrate Judge Carolyn Ostby has entered Findings and Recommendation (*Doc. 9*) with respect to Kelly's 28 U.S.C. § 2254 petition for writ of habeas corpus. *Doc. 1*. Judge Ostby recommends the petition be denied.

Upon service of a magistrate judge's findings and recommendation, a party has 14 days to file written objections. 28 U.S.C. § 636(b)(1). Kelly has filed timely objections. *Doc. 10.* Accordingly, the Court must make a *de novo* determination of those portions of the Findings and Recommendations to which objection is made. 28 U.S.C. § 636(b)(1). For the following reasons, Kelly's objections are overruled.

1

Generally, a state prisoner must file a federal habeas petition within one year of the date his conviction becomes final by the conclusion of direct appeal. 28 U.S.C. § 2244(d)(1)(A). Kelly's conviction became final ninety days after the Montana Supreme Court ruled, that is, on June 19, 1995, when his time to file a petition for writ of certiorari in the United States Supreme Court expired. U.S. S. Ct. R. 13(1), (3); *Gonzalez v. Thaler*, 565 U.S. __, No. 10-895, slip op. at 15 (U.S. Jan. 10, 2012); *Clay v. United States*, 537 U.S. 522, 527-28 (2003); *Bowen v. Roe*, 188 F.3d 1157, 1159 (9th Cir. 1999).

Although Kelly's conviction became final on June 19, 1995, his federal petition was not due on June 19, 1996, because the one-year limitations period did not exist until April 24, 1996, when Congress passed the Anti-Terrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Instead, Kelly should have filed his federal petition within one year of AEDPA's enactment, that is, on or before April 24, 1997. *Patterson v. Stewart*, 251 F.3d 1243, 1246 (9th Cir. 2001). Thus, Kelly must explain why he filed his federal petition more than fourteen years too late.

The federal limitations period is tolled while a properly filed action is pending in state court. 28 U.S.C. § 2244(d)(2). Here, however, the federal limitations period expired more than seven years before Kelly filed his

2

postconviction petition in the trial court, so there is no foundation for statutory tolling under (d)(2).

Kelly has offered two responses to the time bar. First, he asserts that he is actually innocent. His claim is based on a general allegation that "the person . . . who had custody/physical control of his crime evidence . . . was found guilty of contaminating and damaging crime evidence in numerous cases . . . and had to leave/quit his job." *Doc 1-1 at 3*. Second, Kelly also argues that an alleged error of constitutional dimension by the trial court – that is, violation of his Fifth Amendment right to remain silent – deprived the trial court of jurisdiction to adjudge Kelly guilty.

Kelly does not dispute the correctness of the Court's analysis of the limitations period's application. Nor does he suggest he might be able to prove either actual innocence or entitlement to equitable tolling.

A petitioner "who is able to state facts showing a real possibility of constitutional error should survive Rule 4 review." *Calderon v. United States Dist. Court*, 98 F.3d 1102, 1109 (9th Cir. 1996) ("*Nicolaus*") (Schroeder, C.J., concurring) (referring to Rules Governing § 2254 Cases). But where the petitioner does not state such facts and "does not dispute that the facts reported in the state court opinions faithfully and accurately reflect the record," the district court need

3

not go further and independently review the record. *Clark v. Waller*, 490 F.3d 551, 555 (6th Cir.), *cert. denied*, 552 U.S. 1030 (2007). Consequently, Kelly's petition challenging a 1993 conviction must be dismissed with prejudice as time-barred.

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Cases. A COA should issue as to those claims on which the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Here, a state prisoner filed a petition in federal court in 2011 challenging a conviction he incurred in 1993. Although Kelly claims he was without legal assistance for several years, he admits he had legal assistance for several years. He did not file when he had assistance. In addition, Kelly falls far short of raising even a realistic possibility that he might show actual innocence. Reasonable

jurists would not prolong this proceeding. A certificate of appealability is not warranted.

After a de novo review, the Court determines the Findings and Recommendation of Magistrate Judge Ostby are well grounded in law and fact and HEREBY ORDERS they be adopted in their entirety.

Accordingly, **IT IS HEREBY ORDERED** that the Petition (*doc. 1*) is **DENIED**. A certificate of appealability is **DENIED**.

The Clerk of Court is directed to enter by separate document a judgment in favor of Respondents and against Petitioner Kelly. The Clerk of Court shall notify the parties of the making of this Order and close this case accordingly.

DATED this 21st day of February, 2012.

RICHARD F. CEBULL
UNITED STATES DISTRICT JUDGE